**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**DAVID W. MONDS,**

    **Plaintiff,**

**VS.**                                                                                    Case No. 4:18cv414-RH/CAS

**JEFFERSON B. SESSIONS,
U.S. ATTORNEY GENERAL,**

    **Defendant.**

_____/

# REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, filed a complaint asserting a Title VII claim for racial discrimination against Defendant in his capacity as head of the Bureau of Prisons. ECF No. 1. The claim pertains to a decision on a promotion which Plaintiff sought while working in Atlanta, Georgia, for the Federal Bureau of Prisons (BOP). *See* ECF No. 1 at 3-4. Defendant has filed an answer to the complaint and a motion to transfer venue to either the Middle District of Georgia or to the District of Columbia. ECF Nos. 7, 8. Plaintiff filed a response to the motion to transfer venue, asserting that venue is proper in the Northern District of Florida and objecting to the transfer. ECF No. 10.

**Allegations of the Complaint**

Petitioner alleges in his complaint that he is an African-American male who was employed with the BOP as a Human Resources Manager, GS-13, at the United States Penitentiary in Atlanta, Georgia. ECF No. 1 at 3. He alleges that in 2013, he sought promotion to Associate Warden, GS-14, and specified the Federal Correctional Institution in Tallahassee, Florida, as his desired location. *Id.* at 4. He alleges the promotion was denied in favor of a white male and that in 2015, an Administrative Judge from the Equal Employment Opportunity Commission issued a decision finding that the BOP discriminated against Plaintiff on the basis of race. *Id.*

**Motion to Transfer**

Defendant moves to transfer venue to either the United States District Court for the District of Columbia or the Middle District of Georgia. ECF No. 7 at 6. Defendant concedes that venue is proper in the Northern District of Florida pursuant to the provisions of Title VII, which provides in pertinent part that the action may be brought where the Plaintiff would have worked but for the alleged unlawful employment practice. *Id.* at 3; *see* 42 U.S.C. § 2000e-5(f)(3). Nevertheless, Defendant seeks a transfer of venue pursuant to 28 U.S.C. § 1404(a), which provides that for the "convenience of the parties and witnesses, in the interest of justice, a district court may

transfer any civil action to any other district or division where it may have been brought or to any district or division to which all parties have consented."

Defendant alleges the following grounds in support of a change of venue to either the Middle District of Georgia or the District of Columbia: Plaintiff resides in Quitman, Georgia, which is in the Middle District of Georgia; Plaintiff was working at a federal penitentiary in Atlanta, Georgia, when he sought the subject promotion; Plaintiff retired from the BOP in 2013 while assigned to the U.S. penitentiary in Atlanta, Georgia; recommendations for the vacancy in the Southeast Region, which includes Tallahassee, Florida, were made by the Regional Director for the Southeast Region, Helen Marberry, who was located in Atlanta, Georgia; recommendations for the selection process to fill the vacancy sought by Plaintiff were made by video teleconference with the selecting official Charles Samuels who was located at the BOP central office in Washington, D.C.  Defendant also alleges that the records pertaining to the selection process are housed in Washington, D.C.  ECF No. 7 at 4-5.

**Plaintiff's Response**

Plaintiff opposes transfer to either the District of Columbia or to the Middle District of Georgia, asserting that venue in the Northern District of

Case No. 4:18cv414-RH/CAS

Florida is proper because it is the location in which Plaintiff would have worked but for the alleged employment discrimination. ECF No. 10 at 3. He also argues that denial of a change of venue is proper under § 1404 because Plaintiff's choice of venue should be honored unless the balance of convenience is strongly in favor of the transfer. *Id.* at 5. He contends that his residence in Georgia is irrelevant and argues that the Defendant has not shown that a transfer to either the Middle District or District of Columbia would be more convenient for the decision-making officials or witnesses; and that any convenience is outweighed by the required deference to Plaintiff's choice of forum.

**Analysis**

A federal district court has authority under 28 U.S.C. § 1404(a) to transfer a case for the "convenience of the parties and witnesses, in the interest of justice" to any other district or division where it might have been brought. This includes transfer of Title VII cases pursuant to § 1404(a). Ross v. Buckeye Cellulose Corp., 980 F.2d 648, 655 n.13 (11th Cir. 1993). Venue for Title VII cases is set forth under 42 U.S.C. § 2000e-5(f)(3). "The venue provisions of § 2000e-5(f)(3) were intended to be the exclusive venue provisions for Title VII employment discrimination actions and . . . the more general provisions of § 1391 are not controlling in such cases."

Pinson v. Rumsfeld, 192 F. App'x. 811, 817 (11th Cir. 2006) (not published) (citing Stebbins v. State Farm Mut. Auto. Ins. Co., 413 F.2d 1100, 1102-03 (D.C. Cir. 1969)). Section 2000e-5(f)(3) states in relevant part that an action may be brought in any judicial district in the State where the unlawful employment practice occurred, the district where the relevant employment records are maintained and administered, or the district where the aggrieved person would have worked but for the alleged unlawful employment practice.

    As recognized by Defendant, venue for this Title VII claim is proper in the Northern District of Florida pursuant to 42 U.S.C. § 2000e-5(f)(3). Plaintiff chose to file his action in the Northern District of Florida, where he sought to be appointed as Associate Warden at the Federal Correctional Institution in Tallahassee, Florida. A plaintiff's choice of forum is generally entitled to great weight. *See* Robinson v. Giarmarco & Bill, P.C., 74 F.3d 253, 260 (11th Cir. 1996). The Plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations. *Id.* The burden is on the movant to establish that the suggested forum is more convenient or that the interest of justice weighs in favor of transfer. *See* In re Ricoh Corp., 870 F.2d 570, 573 (11th Cir. 1989).

Case No. 4:18cv414-RH/CAS

Whether to transfer a case is within the discretion of the Court. The Supreme Court has explained that "[s]ection 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988) (quotation omitted). In deciding if a transfer of venue is appropriate, the factors to be considered are (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances. Manuel v. Convergys Corp., 430 F.3d 1132, 1135 n.1 (11th Cir. 2005) (citing Gibbs & Hill, Inc. v. Harbert Int'l, Inc., 745 F. Supp. 993, 996 (S.D.N.Y. 1990)).

These factors are considered and weighed, pursuant to the requirement of § 1404(a), to determine if transfer is appropriate to further the "convenience of the parties and witnesses" and "the interest of justice." Defendant does not explain on what basis venue would be more

convenient in the Middle District of Georgia or the District of Columbia or how justice would be better served by a transfer of venue to either of those locations.  The locus of the operative facts underlying the cause of action is not the Middle District of Georgia.  Nothing is alleged to show that any unlawful employment practice occurred in the Middle District.  Plaintiff was working in the Northern District of Georgia at the U.S. Penitentiary in Atlanta when he applied for the promotion and was in Atlanta when he retired from his employment at the BOP.  Witness Helen Marberry was located in Atlanta, Georgia, and the selecting official Charles Samuels was located in and made the decision in Washington, D.C.  Although Plaintiff lives in the Middle District of Georgia, he contends that fact is irrelevant, thus suggesting that he does not believe that factor should be given heavy weight in the decision under § 1404(a).

Defendant has not demonstrated that the witnesses' and party's convenience, on balance, will be better served by appearance in the District of Columbia or the Middle District of Georgia as opposed to appearance in the Northern District of Florida.  Nor does the location of the documents weigh heavily in this consideration.  Although the relevant documents are located in Washington, D.C., current technology renders

Case No. 4:18cv414-RH/CAS

this factor less weighty as documents can be located and transferred to and from any location.

Venue is proper in the Northern District of Florida because Plaintiff sought a promotion to Associate Warden at the Federal Correctional Institution in Tallahassee, Florida.  42 U.S.C. § 2000e-5(f)(3).  Further, Plaintiff's choice of forum, while not absolute in the decision, should be given great weight in the weighing and balancing process.  Defendant has not demonstrated that Plaintiff's choice of forum is outweighed by factors favoring transfer, nor has Defendant shown that transfer is necessary for convenience of any party or witness.  28 U.S.C. § 1404(a)

**Recommendation**

In light of the foregoing, and pursuant to 28 U.S.C. § 1404(a), it is respectfully **RECOMMENDED** that Defendant's Motion to Transfer Plaintiff's Complaint, ECF No. 7, be **DENIED** and this case be **REMANDED** to the undersigned for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on June 6, 2019.

s/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case No. 4:18cv414-RH/CAS